IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil Action No. 14-129-JPG-SCW |
| Plaintiff, ) | |
| v. ) | |
| LORRAINE WALLSCHLAEGER, ) BARBARA CRUBAUGH, and DAVID ) CRUBAUGH, ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America alleges as follows:

1. This action is brought by the United States to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 ("the Fair Housing Act").

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper under 28 U.S.C. § 1391(b), because (1) all Defendants reside in Illinois and two of the three Defendants reside in the Southern District of Illinois; and (2) the claims alleged herein arose in the Southern District of Illinois.

4. Four Seasons Estates Mobile Home Park ("Four Seasons"), a 126-space mobile home community, is located at 92 Four Seasons in Effingham, Illinois, in the

Southern District of Illinois. Individuals with mobile homes may rent a space at Four Seasons, place their mobile home on that space, and live there.

5. Defendant Lorraine Wallschlaeger ("Wallschlaeger") is a resident of Illinois. Since at least May 2005, Defendant Wallschlaeger has been the owner of Four Seasons. At all times relevant to the Complaint, Defendant Wallschlaeger has employed Defendants Barbara Crubaugh and David Crubaugh as her agents to manage Four Seasons. Defendant Wallschlaeger is liable for all discriminatory conduct alleged herein that was carried out by her agents.

6. Defendant Barbara Crubaugh ("B. Crubaugh") resides in the Southern District of Illinois at Four Seasons. At all times relevant to this Complaint, Defendant B. Crubaugh has been employed by Defendant Wallschlaeger as the on-site manager and rental agent for Four Seasons and has been responsible for all aspects of the management of Four Seasons. As on-site manager and rental agent, Defendant B. Crubaugh's duties include staffing the rental office at Four Seasons, providing information on available spaces to prospective tenants, and arranging for and taking prospective tenants on inspections of available spaces.

7. Defendant David Crubaugh ("D. Crubaugh") resides in the Southern District of Illinois at Four Seasons. At all times relevant to this Complaint, Defendant D. Crubaugh has been employed by Defendant Wallschlaeger to assist in the management of Four Seasons. Defendant D. Crubaugh's duties have included providing information on available spaces at Four Seasons to prospective tenants, taking prospective tenants on inspections of available spaces, and performing maintenance services at Four Seasons.

2

8. The spaces, mobile homes, and appurtenant common and public use areas at Four Seasons are dwellings within the meaning of Section 802(b) of the Fair Housing Act, 42 U.S.C. § 3602(b).

9. In 2011, James Tieffel ("Tieffel"), a white resident of Four Seasons, allowed his niece, Shannon Finfrock ("Finfrock"), who is white, and her boyfriend, Lorenzo Townsend ("Townsend"), who is African American, to move into his mobile home. Defendants gave permission for Finfrock to live with her uncle and be registered as a resident, but refused permission for Townsend to live with Tieffel and Finfrock or be registered as a resident. Defendants threatened Tieffel and Finfrock with eviction if Townsend continued to live there. In conversations with Finfrock and Townsend, Defendants made offensive references to Townsend's race and indicated that they did not want African Americans to live at Four Seasons. Tieffel, Finfrock, and Townsend all moved out of Four Seasons because of Defendants' discriminatory conduct.

10. The residents referred to above in paragraph 9 complained to HOPE Fair Housing Center ("HOPE") about their experience at Four Seasons. HOPE, a non-profit organization in West Chicago, Illinois, has as its mission creating greater housing opportunities for all and helping to end housing discrimination. To this end, HOPE counsels home seekers and housing providers on their rights and responsibilities under fair housing laws, provides consultation and training to housing providers, and provides outreach and education to the community regarding fair housing. HOPE diverted resources from its educational, outreach, and client counseling activities in order to investigate the allegations of the residents of Four Seasons and bring them to the attention of the Civil Rights Division

of the United States Department of Justice ("DOJ").

11. Between April and September 2012, DOJ conducted testing to evaluate Defendants' compliance with the Fair Housing Act. Testing is a simulation of a housing transaction that compares responses given by housing providers to different types of home-seekers to determine whether illegal discrimination is occurring.

12. DOJ's testing revealed that Defendants have engaged in discriminatory conduct on the basis of race and familial status against prospective tenants, including:

    a. Requiring African-American prospective renters to fill out rental applications and telling them that incomplete applications would result in the denial of housing, while not requiring similarly-situated white prospective renters to fill out an application;

    b. Requiring African-American testers to provide information regarding prior felony convictions but not requiring any information related to criminal history from white testers;

    c. Telling African-American prospective renters that their mobile homes must be inspected before they could move in, while not telling similarly-situated white prospective renters of any such requirement;

    d. Telling African-American prospective renters who were under age 55, even if they did not have children, that they could not live in or see spaces on Row Four, one of four rows with spaces at Four Seasons, which Defendants also referred to as "Seniors Row" and "Retirement Row," and refusing to show spaces on Row Four to such persons, while telling

    similarly-situated white prospective renters under age 55 that they could live on Row Four if they did not have children, and allowing them to see spaces and/or mobile homes on Row Four;

e. Quoting to African-American prospective renters higher estimates for move-in charges than the estimates quoted to white prospective renters;

f. Making statements to an African-American tester indicating that it would be difficult for an African-American individual to live at Four Seasons, including stating that the African-American tester would be "the first" to reside at Four Seasons, that other residents would "get used to it," and that she would "have to have patience"; and

g. Stating and maintaining a policy of not making the spaces and mobile homes on Row Four available to families with children and steering or otherwise directing families with children to other parts of Four Seasons, particularly to the spaces and mobile homes on Row One.

## FAIR HOUSING ACT

13. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-12, above.

14. By the conduct described above, Defendants have:

    a. Refused to rent, refused to negotiate for the rental of, or otherwise made unavailable or denied dwellings to persons because of race and familial status, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

5

  b. Discriminated in the terms, conditions or privileges of, or the provision of services or facilities in connection with the rental of a dwelling because of race and familial status, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b);

  c. Made, printed, or published statements or advertisements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on race and familial status in violation of Section 804(c) of the Fair Housing Act, 42 U.S.C. § 3604(c); and

  d. Coerced, intimidated, threatened, and interfered with a person's exercise and enjoyment of a right granted in § 3604 in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617.

15. The conduct of Defendants as alleged in this complaint constitutes:

  a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, et seq.; and

  b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, et seq., which denial raises an issue of general public importance.

16. There are persons who have been victims of Defendants' discriminatory housing practices, including the residents referred to above in paragraph 9, HOPE, and other victims that the United States may identify. Such persons are "aggrieved persons" as defined in Section 802(i) of the Fair Housing Act, 42 U.S.C. § 3602(i), and have suffered damages as a result of the conduct described above.

17. Defendants' conduct as alleged in this complaint was intentional, willful, and taken in disregard for the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that Defendants' policies and practices, as alleged herein, violate the Fair Housing Act;

2. Enjoins Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

   a. Discriminating against any person on the basis of race or familial status in any aspect of the rental of a dwelling;

   b. Failing or refusing to notify the public that dwellings owned or operated by Defendants are available to all persons on a non-discriminatory basis;

   c. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct; and

   d. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of Defendants' unlawful practices;

3. Awards monetary damages to all persons harmed by Defendants' conduct, pursuant to Section 814(d)(1)(B) of the Fair Housing Act, 42 U.S.C. § 3614(d)(1)(B); and

4.    Assesses a civil penalty against Defendants to vindicate the public interest in an amount authorized by Section 814(d)(1)(C) of the Fair Housing Act, 42 U.S.C. § 3614(d)(1)(C), and 28 C.F.R. § 85.3(b)(3).

The United States further prays for such additional relief as the interests of justice may require.

Dated: February 4, 2014

STEPHEN R. WIGGINTON
United States Attorney
Southern District of Illinois

JENNIFER HUDSON
Assistant United States Attorney
9 Executive Drive
Fairview Heights, Illinois 62208
Tel: (618)-628-3700
Fax: (618)-628-3730
Jennifer.Hudson2@usdoj.gov

ERIC H. HOLDER, JR.
Attorney General

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief, Housing and Civil
Enforcement Section

TIMOTHY J. MORAN
Deputy Chief
JEFFREY KNISHKOWY
Lead Counsel
EMILY SAVNER
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W.
Northwestern Building, 7th Floor
Washington, DC 20530
Tel: (202) 353-6196
Fax: (202) 514-1116
Jeff.Knishkowy@usdoj.gov

8